# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Christopher R. Politano,                                    Case No. 20-cv-12 (WMW/LIB)

              Petitioner,

v.                                                          **REPORT AND RECOMMENDATION**

Warden Vikkie Jansen,

              Respondent.

This matter comes before the undersigned United States Magistrate Judge pursuant to a general referral in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1, as well as, upon Petitioner Christopher Robert Politano's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, [Docket No. 1], and his Application to Proceed In Forma Pauperis. [Docket No. 2].

In May 2011, Petitioner pled guilty to failing to register as a predatory offender in violation of Minnesota Statute § 243.166, subd. 5(a) (2008). After Petitioner entered his guilty plea but prior to sentencing, the state district court took a recess to determine the appropriateness of a 10-year term of conditional release. See, State of Minnesota v. Politano, Case No. A16-0923, Order at 2 (Minn. Ct. App. Dec. 29, 2017). After the recess, the state court concluded that the 10-year term must be imposed, and it gave Mr. Politano an opportunity to withdraw his plea. Id. Ultimately, Petitioner failed to withdraw his guilty plea. Thereafter, he was sentenced to a term of imprisonment of 36 months to be followed by 10 years of conditional release. See, Id.; State v. Politano, Case No. 27-cv-09-47894 (Minn. D. Ct. Hennepin Cty.). Petitioner's 36-month term of imprisonment was to run concurrently with a 57 month term of imprisonment he was already

serving. <u>See</u>, <u>State of Minnesota v. Politano</u>, Case No. A16-0923, Order at 2 (Minn. Ct. App. Dec. 29, 2017).

Beginning approximately a year after his sentence was imposed, Petitioner challenged the imposition of the conditional release via postconviction relief. <u>State v. Politano</u>, Case No. 27-cr-9-47894, Postconviction petition (Minn. D. Ct. Hennepin Cty.) (Doc. 51, filed May 9, 2012). Although at one point the Minnesota Court of Appeals found his sentence improper, the Minnesota Supreme Court remanded that finding in light of a decision it released on the same issue. <u>See</u>, <u>State of Minnesota v. Politano</u>, Case No. A16-0923 (Minn. Ct. App.). Ultimately, on December 29, 2017, the Minnesota Court of Appeals concluded that Petitioner's sentence and term of conditional release were lawful at the time they were imposed, and it further concluded that to the extent there was any subsequent precedent to the contrary, it was not retroactively applicable. <u>Id.</u>

On January 2, 2020, Petitioner filed his Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 before this Court. (Petition [Docket No. 1]). According to Petitioner, his state court sentence is erroneous because: (1) his plea bargain did not include a 10-year conditional release term; (2) he "could not withdraw [his] plea bargain after the court changed [his] sentence without [his] agreement"; (3) Minnesota precedent that would change his sentence should be applied retroactively; and (4) his sentence violates double jeopardy because the statutory maximum sentence was five years while he was purportedly sentenced to thirteen years. (<u>Id.</u> at 5–10).

Before the Court can address the underlying merits of the present Petition, the Court must first address a number of threshold issues regarding the present Petition. Specifically, the Court addresses whether or not Petitioner has exhausted his remedies in state court, as well as, the timeliness of the present Petition.

Upon review, the Court finds the present Petition cannot proceed because it is untimely, see, 28 U.S.C. § 2244(d)(1), and because even if it was timely, it raises issues of state law, rather than federal law. See, Lewis v. Jeffers, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law."). Additionally, the only mention of federal law—double jeopardy—was not raised before the state courts, and therefore, that claim is unexhausted.

Section 2244(d)(1) states that:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). On the record presently before the Court, there is no indication that sections (B), (C), or (D) apply to the present Petition. Although Petitioner does reference "retroactivity," he seeks the retroactive application of a state law decision not a federal decision as contemplated by section (B), and Petitioner fails to make any other assertion arguing that section (B), (C), or (D) apply to the present Petition.

This leaves for the Court's consideration 28 U.S.C. § 2244(d)(1)(A). Petitioner fails to satisfy the requirement of § 2244(d)(1)(A) because Petitioner failed to file his Petition within a year of the judgment in his underlying criminal action becoming final.

3

Petitioner was sentenced on May 24, 2011, and he filed a direct appeal on August 23, 2011. See, Politano v. State of Minnesota, Case No. A11-1493 (Minn. Ct. App. 2011). On January 11, 2012, the case was voluntarily dismissed, and he did not pursue further review with the Minnesota Supreme Court. The time for such review expired on February 10, 2012. See, Minn. R. App. Proc. 117 (providing that any party seeking review of a decision of the Court of Appeals shall petition for such review within 30 days of a final decision). On May 9, 2012, Petitioner filed a motion for postconviction relief. Upon the filing of said motion, the Federal habeas-clock was tolled for the entire duration of those postconviction proceedings, which concluded on December 29, 2017.

As noted above, Petitioner filed the present Petition on January 2, 2020. [Docket No. 1]. From December 29, 2017, through January 2, 2020, 734 days elapsed. Thus, even taking into account the period of time during which the Federal habeas-clock was tolled due to Petitioner's various appeals and state court postconviction proceedings, the present Petition was filed far outside of the one-year period. Petitioner fails to provide any explanation for this delay, and there is no reason evident from Petitioner's claims.

Therefore, the Court finds the present Petition to be untimely. On this basis, the Court recommends that the present Petition be **DENIED with prejudice**. See, 28 U.S.C. § 2244(d)(1).

Even assuming solely for the sake of argument that the Petition were timely, it would fail on the merits because three of the four contentions concern matters of state law, and Petitioner failed to exhaust his state court remedies on the fourth claim.

The first three claims—about a term of conditional release, the ability to revoke a plea, and the retroactivity of Minnesota Supreme Court precedent—are all decisions that hinge on the state court's interpretation of state law. (See, Petition, [Docket No. 1], at 5–10). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting a habeas review, a federal court is limited to deciding whether a conviction violated

4

the Constitution, laws, or treatises of the United States." <u>Estelle v. McGuire</u>, 502 U.S. 62, 67 (1991); <u>see</u>, 28 U.S.C. § 2241(c)(3). Thus, even if the Petition were timely, the present Federal Court is precluded from review the first three claims in the present Petition. The represents a sufficient, independent basis to recommend denial of the present Petition as it relates to the first three claims contained therein.

As to Petitioner's fourth claim—Petitioner's claim related to the issue of double jeopardy—the Court would still recommend dismissal of this fourth claim because there is no indication that Petitioner presented this issue to the state courts for consideration. A cornerstone of Section 2254 habeas review is the requirement that state courts be given a meaningful opportunity to review a claim before the federal court reviews it. <u>See</u>, 28 U.S.C. § 2254(b)(1); <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 843 (1999). A meaningful opportunity requires the invocation of "one complete round of the State's established appellate review process." <u>Id.</u> at 845.

In the present case, the state appellate court opinion indicates that Petitioner "only challenge[d] the legality of his conditional-release term, not the validity of his plea or conviction." <u>State of Minnesota v. Politano</u>, Case No. A16-0923, Order (D. Minn. Hennepin Cty. Nov. 6, 2017). The state court orders disposing of Petitioner's challenges in state court, as well as, the present Petition itself all indicate that Petitioner's challenges in state court were limited to his challenge that the term of conditional release should never have been imposed and a challenge that for the term of conditional release to be imposed it would have first had to be found appropriate by a jury.

Accordingly, Petitioner failed to present his double jeopardy claim to state court. Therefore, Petitioner's double jeopardy claim is an unexhausted claim. This represents a sufficient, independent basis to recommend that the present Petition be denied as it relates the double jeopardy claim therein.

The Court finds that one additional issue warrants discussion. A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability (hereinafter "COA"). <u>See</u>, 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

In the present case, it is highly unlikely that any other Court, including the United States Court of Appeals for the Eighth Circuit, would treat Petitioner's current habeas corpus Petition differently than it is being treated here. Petitioner has not identified, and this Court cannot discern, anything novel, noteworthy, or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner should not be granted a COA in this matter.

Therefore, based on the foregoing, and on all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. The Petition for a writ of habeas corpus of Petitioner Christopher Politano, [Docket No. 1], be **DENIED with prejudice**;

2. This matter be **DISMISSED with prejudice**;

3. The application of Petitioner Christopher Politano to proceed in forma pauperis, [Docket No. 2], be **DENIED as moot**; and

4. No certificate of appealability be issued.

Dated: March 11, 2020                        s/Leo I. Brisbois
                                             Hon. Leo I. Brisbois
                                             United States Magistrate Judge

6

## <u>NOTICE</u>

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).